Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:08-CV-174-JBC

MIRANDA CREECH                                                                                          PLAINTIFF

VS:                         **MEMORANDUM OPINION AND ORDER**

DANNY C. REEVES and
      STEPHEN C. SMITH                                                                             DEFENDANTS

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Miranda Creech, also known as Randy Creech, who is incarcerated in the Federal Correctional Institution, in Terre Haute, Indiana, has submitted a *pro se* civil rights complaint and has been granted permission to proceed *in forma pauperis* by separate Order.

The complaint is now before the court for screening. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). In the Court's screening, as with all pleadings submitted by *pro se* litigants, the pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief.

28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The docket of this court shows that Miranda Creech has been before this court previously. On April 24, 2003, he was indicted on 13 counts of drug and firearms offenses, and on December 11, 2003, a jury convicted him on all counts, in *United States v. Miranda Creech*, 6:03-CR-023-DCR-1. After Creech received a lengthy sentence, on April 15, 2004, he filed a notice of appeal the same day. The United States Court of Appeals for the Sixth Circuit ultimately remanded his case "to the district court for resentencing in light of *United States v. Booker*, 543 U.S. —, 125 S.Ct. 738 (2005)."

On January 9, 2006, Creech was resentenced and an amended judgment was entered. Again he appealed, but this time the Sixth Circuit affirmed the amended judgment. *United States v. Miranda Creech*, Sixth Circuit No. 06-5071. On April 17, 2008, he filed a Motion to Vacate, Amend or Correct the sentence pursuant to 28 U.S.C. § 2255. The time has not yet run for the United States to make a response in that proceeding.

Six weeks after filing the Section 2255 motion, Creech filed the instant civil action for damages, naming the presiding judge and the assistant United States attorney in the criminal action as the defendants.

## ALLEGATIONS

The plaintiff claims that, because of actions by both of the defendants, the court

"exceeded his jurisdiction by sentencing plaintiff . . . on counts for which the jury had not found him guilty in its verdict," at the time of his initial sentencing. Further, he urges, the court again did so at the re-sentencing. Plaintiff's theory is that although both defendants "knew, or should have known, that they lacked authority and jurisdiction to impose a sentence on plaintiff for the counts of the indictment on which he had not been found guilty," they intentionally imposed an illegal sentence, thus improperly disregarding the jury's verdict.

## DISCUSSION

The instant complaint cannot proceed further for several reasons. A primary reason is that the court officials named as the sole defendants are entitled to immunity from lawsuits for damages. Judges are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 (1872). Immunity from a civil rights suit for money damages is no exception. *See Pierson*, 386 U.S. at 554. Under this doctrine, Judge Danny C. Reeves may not be subject to this lawsuit. He is entitled to dismissal.

Similarly, prosecutors are afforded absolute immunity from suit under § 1983 when the complained-of activity is "intimately associated with the judicial phase of the criminal process" or performed in a "quasi-judicial" role. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993),

*cert. denied*, 114 S. Ct. 2742 (1994).  So long as the prosecutor's actions are in the judicial setting, he is cloaked with immunity from all decisions regarding prosecution except those "deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification."  *Wayte v. United States*, 470 U.S. 598, 608 (1985).

Plaintiff Creech's complaints about the instant prosecutor-defendant all regard his actions as a prosecutor in a judicial setting, *i.e.*, appearing before the court and arguing  the United States' legal position to that court.  Therefore, the defendant prosecutor, Mr. Smith, is also entitled to dismissal from this case.

Because of their judicial immunity, the named defendants are protected from liability and it is not necessary to reach the merits of the Plaintiff's claims.  Nonetheless the Court notes that court records contradict Creech's allegations.  He refers to "counts of the indictment on which he had not been found guilty," but the record in his criminal case shows that the jury found him guilty  on all counts.  Also, the idea that Creech's sentence is illegal or illegally imposed is contrary to the Sixth Circuit's opinion in *United States v. Miranda Creech*, in which the Plaintiff's second sentence was upheld as "reasonable" and properly imposed under "advisory" guidelines.

Further, were these or other defendants amenable to suit, Plaintiff's inability to obtain the invalidation of his conviction or sentence triggers an examination which is required for any post-conviction claim for damages, under *Heck v. Humphrey*, 512 U.S. 477 (1994).  To the extent that any judgment in favor of the plaintiff would

4

necessarily imply the invalidity of his conviction or sentence, a complaint must be dismissed pursuant to *Heck*, unless and until the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 486-87.

Accordingly, the court being advised, **IT IS ORDERED** that the complaint of Miranda Creech will be **DISMISSED**, *sua sponte*, and a judgment shall be entered contemporaneous with the instant Memorandum Opinion and Order.

Signed on  July 17, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY

5